UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

UNITED STATES

v.                                          607CR025

DORIA SABIA FLORENCE

# ORDER

Defendant Doria Sabia Florence moves the Court to designate this case as complex, and thus waive application of the Speedy Trial Act (STA) to it. Doc. # 22. She points out that her motion is unopposed. *Id.* at 5.

The STA says try her within 70 days of the filing of an information or indictment or her initial appearance, 18 U.S.C. § 3161(c)(1), but it includes a list of periods of delay that are excluded in computing the time within which trial must start. *E.g.*, § 3161(h)(8)(B)(ii) ("Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section").

A defendant may not prospectively waive the STA's application because that would seriously undermine it's purpose -- there are many cases in which the prosecution, the defense, and the judge would all be happy to opt out of the STA, but that would undermine the public interest in speedy trials. *Zedner v. U.S.*, 547 U.S. 489, 500 (2006). Hence, a defendant's prospective waiver of her right to a speedy trial under the Act is invalid. *Id.* at 500-01; *see also U.S. v. Williams*, 511 F.3d 1044, 1054 (10th Cir. 2007).

To the extent Florence is seeking to do that here, her motion is denied. Note, too, that she is seeking a continuance "for a reasonable period of time," doc. # 22 at 1, but courts "discourage the use of open-ended continuances...." *U.S. v. Groff*, 2006 WL 952226 at * 3 (3rd Cir. 4/13/06) (unpublished).

The Court has reviewed the motion and indictment and does not find this case to match the level of complexity ordinarily found sufficient to support such a continuance. *See U.S. v. Bieganowski*, 313 F.3d 264, 282 (5th Cir. 2002) (collecting cases). The four-page indictment sets out a relatively straightforward scheme by which Florence is alleged to have violated the wire fraud statute (18 U.S.C. § 1343) in order to steal and convert more than $900,000 from her financial firm's customers. Doc. # 1. True, there may be many documents for defense counsel to sift, but that burden does not meet the "*Bieganowski* benchmark."

Accordingly, defendant Doria Sabia Florence's Speedy Trial Act motion (doc. # 22) is ***DENIED.***

This __10__ day of March, 2008.

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA